UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

CHARLES BOYD OLSON, JANINE OLSON, and MAGGIE COLIN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

UNISON AGREEMENT CORPORATION,

Defendant.

NO.

NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Unison Agreement Corporation ("UAC" or "Defendant") hereby effects the removal of this action from the Superior Court of the State of Washington, County of King, where it is now pending as Case No. 22-2-19873-7 SEA, to the United States District Court for the Western District of Washington.

Removal is proper based upon: (1) 28 U.S.C. § 1332(a), because there is complete diversity, and the amount in controversy exceeds $75,000, exclusive of interest and costs; and (2) the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a class action in which the putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million. Venue is proper in this



GORDON
TILDEN
THOMAS
CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Court because it is the "district and division embracing the place where [the] action is pending." *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 128(b) (providing that King County is part of the Western District of Washington).

**ALLEGATIONS OF THE COMPLAINT**

1. The Complaint alleges that Plaintiffs Charles Boyd Olson and Janine Olson (the "Olson Plaintiffs") entered into a HomeOwner Agreement with UAC on March 26, 2019 and received $64,750 in exchange for granting UAC "an option to purchase a 70% ownership interest" in real property located at 3718 S. 256th Ct, Kent, WA 98032. Ex. A ("Compl.") ¶¶ 4.30, 4.40. The Olson Plaintiffs and UAC allegedly agreed that the value of the property at close was $370,000. *Id.* ¶ 4.40. The Olson Plaintiffs continue to own the property and the option remains in force. *See id.* ¶ 4.43. The amount that must be paid to exercise the Olson option and the circumstances under which it can be exercised are omitted from the Complaint.

2. The Complaint further alleges that Plaintiff Maggie Colin ("Colin") entered into a HomeOwner Agreement with UAC on November 21, 2019 and received $60,000 in exchange for granting UAC "an option to purchase a 42.48% ownership interest" in a condominium located at 900 Aurora Ave N Apt 206, Seattle, WA 98109. *Id.* ¶¶ 4.45, 4.50, 4.52. The parties allegedly agreed that the value of the property at close was $565,000. *Id.* ¶ 4.51. Colin continues to own the condominium and the option remains in force. *See id.* ¶¶ 4.56-4.58. The Complaint fails to identify the amount that must be paid to exercise the Colin option and the circumstances under which the option can be exercised.

3. The lynchpin of the Complaint is an allegation that the HomeOwner Agreements are an "equitable reverse mortgage loan." *See, e.g.*, *id.* ¶ 4.27. Research did not find a prior use of the term "equitable reverse mortgage" in any decision in the United States. Nonetheless, the Complaint alleges that the HomeOwner Agreements are loans that were issued in violation of requirements in the Consumer Loan Act which, in turn, allegedly renders the selling of the product an unfair and deceptive practice under the Washington Consumer Protection Act. *See id.* ¶¶ 4.15-



GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

4.28. Plaintiffs assert causes of action against UAC for (1) Per Se Violations of the Washington Consumer Protection Act; (2) Violation of the Washington Consumer Protection Act – Unfair Acts or Practices; (3) Violation of the Washington Consumer Protection Act – Deceptive Acts or Practices; (4) Injunctive Relief; and (5) Declaratory Relief. *See id.* ¶¶ 6.1-10.7.

4. On behalf of themselves and a putative class of all persons who have entered into a HomeOwner Agreement with UAC in connection with property located in Washington, *see id.* ¶ 5.1, Plaintiffs seek, among other things: an injunction prohibiting UAC from entering into HomeOwner Agreements in Washington, reformation "and/or" recission of existing HomeOwner Agreements in Washington, return of any transaction fees paid, money damages for impairment to property rights created by the HomeOwner Agreement, treble damages, costs of suit and such further relief as the Court may deem proper. *See id.* at XI (Prayer for Relief).

**STATE COURT PROCEEDINGS**

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint and all process, pleadings and orders served upon Defendant are being filed herewith as Exhibit B.

6. Plaintiffs filed this lawsuit in the Superior Court of the State of Washington, County of King on December 1, 2022. *See* Ex. A.

7. The Summons and Complaint were served on Defendant on December 13, 2022. *See* Ex. C.

**REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(a)**

8. District courts have original jurisdiction over civil actions in which (1) there is a complete diversity of citizenship, and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

**The Parties Are Completely Diverse**

9. All three Plaintiffs allege they reside in King County, Washington "at all relevant times." Compl. ¶¶ 2.1, 3.1, 3.2.



GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

10. The Complaint accurately alleges that UAC is incorporated in Delaware and maintains its principal place of business in San Francisco, California. *Id.* ¶ 3.3; Declaration of Theodor Haugen in Support of Unison Agreement Corporation's Notice of Removal of Class Action Complaint ("Haugen Decl.") ¶ 2. Accordingly, for purposes of diversity jurisdiction, UAC is a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

11. Because Plaintiffs are all citizens of Washington, while UAC is a citizen of Delaware and California, there is complete diversity under 28 U.S.C. § 1332(a).

**There Is at Least $75,000 in Controversy as to Each Individual Plaintiff**

12. Both the Olson Plaintiffs and Colin put more than $75,000 at issue on their individual claims based upon the properties they own. Among other things, they demand that the HomeOwner Agreements they entered be rescinded so that they do not have to sell a percentage interest in their property at option exercise. Where "the object of the litigation is the ownership" of property, "the value of the property . . . is a proper measure of the amount in controversy." *Corral v. Select Portfolio Servicing Inc.*, 878 F.3d 770, 776 (9th Cir. 2017).[1] The property interests at stake here are well over $75,000 and the jurisdictional threshold is met before even considering the actual and treble damages and fees and costs that are sought (*see* Compl. at XI(D), (E)).

13. The Olson Plaintiffs seek to vitiate a contractual right to purchase a 70% interest in their property. The option will be valued at exercise, but it is plain that more than $75,000 is at issue. UAC already paid the Olson Plaintiffs $64,750 to purchase the option, and they would receive an additional $194,250 if the option is exercised. Compl. ¶ 4.40; Haugen Decl. ¶ 4. Plaintiffs allege that, if exercised, the option would result in UAC obtaining a 70% interest in the

[1] *See also Thompson v. U.S. Bank, N.A.*, No. 20-16376, 2021 WL 5176460, at *1 (9th Cir. Nov. 8, 2021) ("amount-in-controversy requirement was satisfied" because "the object of the litigation [wa]s Thompson's home," which "ha[d] been valued at well over $2 million"); *Sekhon v. BAC Home Loans Servicing LP*, 519 F. App'x 971, 972 (9th Cir. 2013) (where litigation challenged the "enforceability of [promissory] notes" the amount in controversy was properly measured as "the $505,000 face value of the notes," which is what defendants "st[ood] to lose").



GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

property. Compl. ¶ 4.40; Haugen Decl. ¶ 4. The parties agreed in March 2019 that a 70% interest in the property at origination of the option was worth $259,000, Compl. ¶ 4.40, and since that time the Schiller price index for Seattle shows a rise in home values (though falling in the last few months).[2] Thus, the Olson Plaintiffs' claims involve the purchase of an interest worth hundreds of thousands of dollars, with UAC already out of pocket $64,750.

14. Plaintiff Colin seeks to vitiate a contractual right to purchase a 42.48% interest in her condominium. That option will also be valued at exercise, but it is nonetheless clear that more than $75,000 is at issue. UAC already paid Colin $60,000 to purchase the option, and she would receive an additional $180,012 if the option is exercised. Compl. ¶ 4.52; Haugen Decl. ¶ 5. Plaintiffs allege that exercise of the option would result in UAC obtaining a 42.48% interest in the property. Compl. ¶ 4.52; Haugen Decl. ¶ 5. The parties agreed in November 2019 that a 42.48% interest in the property at origination of the option was worth $240,012. Compl. ¶¶ 4.51, 4.52. It is reasonable to expect that the property is valued higher today. *Supra* n.2. Thus, Colin's claims involve the purchase of an interest worth hundreds of thousands of dollars, with UAC already out of pocket $60,000.

15. There is also at least $75,000 put in controversy because of the injunction the Plaintiffs seek. The Plaintiffs seek to enjoin the use of HomeOwner Agreements in Washington. *See* Compl. ¶ 9.3 & XI(F). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation," *Hunt v. Wash. State Apple Advertising Com'n*, 432 U.S. 333, 347 (1977), which may include "the costs [to UAC] of complying with [Plaintiffs'] injunction." *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018); *Gen. Dentistry for Kids, LLC v. Kool Smiles, P.C.*, 379 F. App'x 634, 635 (9th Cir. 2010). To date, UAC has entered into over 490 HomeOwner Agreements in Washington. Haugen Decl. ¶ 6. Those Agreements created options to purchase percentage shares

[2] *See* the S&P/Case-Shiller WA-Seattle Home Price Index (SEXRNSA) at https://fred.stlouisfed.org/series/SEXRNSA (last month of data available as of this writing is September 2022).



GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

in real property valued at over $250 million at time of execution of the HomeOwner Agreements. *Id.* UAC continues to offer HomeOwner Agreements in Washington and intends to continue to do so. *Id.* ¶ 7. Plaintiffs seek to enjoin UAC's ability to do continue to do business using HomeOwner Agreements, and in a state with that amount of volume the potential loss of value is far in excess of $75,000. *Id.*

16. Plaintiffs also seek to recover attorneys' fees, which they estimate at "tens of thousands if not hundreds of thousands, of dollars." Compl. ¶ 10.6 & XI(G).

17. In light of the foregoing, Defendant has easily satisfied its burden of "establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

**REMOVAL IS ALSO PROPER UNDER 28 U.S.C. § 1332(d)**

18. CAFA provides that federal courts also have original jurisdiction over class actions in which (i) any plaintiff is diverse from any defendant, (ii) there are at least 100 members in the putative class, and (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Under 28 U.S.C. § 1441(a), any such action may be removed to the district court for the district and division embracing the place where the action is pending.

19. Under CAFA, which was "enacted to facilitate adjudication of certain class actions in federal court," there is no presumption against removal. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

**The Parties Are Diverse**

20. CAFA's minimal diversity standard is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Bridewell-Sledge v. Blue Cross of Cal.*, 798 F.3d 923, 928 (9th Cir. 2015).

21. As shown above, CAFA's minimal diversity requirement is easily satisfied here, as all three Plaintiffs are citizens of Washington, while UAC is a citizen of Delaware and California. *Supra* ¶¶ 9-10.



GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

22. Because Defendant is not a citizen of Washington, neither the "local controversy" nor the "home state" exception to CAFA applies. *See* 28 U.S.C. 1332(d)(3), (4).

**The Proposed Class Is Sufficiently Numerous**

23. Plaintiffs purport to bring this action on behalf of "[a]ll persons who have entered into a HomeOwner Agreement with Unison on a property located in Washington." Compl. ¶ 5.1. There are at least 490 HomeOwner Agreements that are put at issue by this definition. Haugen Decl. ¶ 6. Each has at least one person associated with the HomeOwner Agreement and some will have more, like the Olson Plaintiffs who both are alleged signatories to a HomeOwner Agreement. *See* Compl. ¶ 4.40.

24. Indeed, Plaintiffs concede this point, alleging that "hundreds of Washington homeowners" have entered into HomeOwner Agreements, and that they have already identified "at least 87 homes in Washington that have deeds of trust recorded in favor of Unison." *Id.* ¶¶ 1.3, 5.3. They therefore allege that "there are more than 100 members of the proposed class." *Id.* ¶ 5.4.

25. These allegations satisfy CAFA's numerosity requirement. *See* 28 U.S.C. § 1332(d)(5)(B).

**There Is at Least $5,000,000 in Controversy**

26. To satisfy the amount-in-controversy requirement, a defendant must establish only that "the potential damages could exceed the jurisdictional amount." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010)). "The amount in controversy is not a prospective assessment of [a] defendant's liability"; instead, "it is the amount at stake in the underlying litigation." *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (citations and internal quotation marks omitted). "To meet CAFA's amount-in-controversy requirement, a defendant needs to plausibly show that it is *reasonably possible* that the potential liability exceeds $5 million." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (emphasis added).



GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

27. "In measuring the amount in controversy, a court must assume the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). The court must then "add[] up the value of the claim of each person who falls within the definition of [the] proposed class." *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

28. Thus, "in determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017); *see also, e.g.*, *Greene*, 965 F.3d at 772 ("[T]he amount in controversy is the 'amount *at stake* in the underlying litigation.' 'Amount at stake' does not mean likely or probable liability; rather it refers to *possible* liability.") (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)) (second emphasis added). For that reason, the Ninth Circuit has made clear that a court cannot "delve into the merits" or conduct "a fact-based analysis of the merits" in assessing the amount in controversy. *Greene*, 965 F.3d at 774.

29. Without conceding any merit to Plaintiffs' allegations, causes of action, or claims for relief, the amount placed in controversy by Plaintiffs' Complaint satisfies CAFA's jurisdictional threshold.

30. Plaintiffs allege that the HomeOwner Agreements that they and "hundreds" of other Washington residents and putative class members entered into with UAC are unlawful and seek, among other things, actual damages, treble damages, and rescission of the Agreements. To date, UAC has entered into over 490 HomeOwner Agreements concerning real property in Washington that the parties valued at over $250 million. Haugen Decl. ¶ 6. UAC made initial payments of over $40 million in connection with those agreements. *Id.* 421 HomeOwner Agreements



GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

concerning Washington property are currently active. *Id.* There is plainly more than $5 million at stake in this putative class action. *See also id.* ¶ 7.[3]

31. The satisfaction of CAFA's amount-in-controversy requirement is confirmed by Plaintiffs' own claims and allegations, as each of the Plaintiffs seeks relief valued at well over $100,000. *Supra* ¶¶ 12-14.

32. Plaintiffs allege that their claims are "typical of the claims of the Class," and that class members number in the "hundreds." Compl. ¶¶ 1.3, 5.7. The number of putative class members is actually over 490. Haugen Decl. ¶ 6. Assuming Plaintiffs' claims are reasonably representative of those they seek to represent (as they contend) such that each of the "hundreds" of putative class members seeks rescission of options valued at over $100,000, it is more than "reasonably possible" that potential liability exceeds $5,000,000. *See Greene*, 965 F.3d at 772; *see also 54-40 Brewing Co. LLC v. Truck Ins. Exch.*, No. 21-5886, 2021 WL 6124788, at *4 (W.D. Wash. Dec. 28, 2021) (amount-in-controversy requirement met where defendant's extrapolation of potential class damages was "based on good faith, and plausible and logical assumptions and conclusions").

33. Plaintiffs also seek to recover attorneys' fees. Compl. at XI(G). While Plaintiffs allege that attorneys' fees "for litigation" regularly reach "hundreds of thousands[] of dollars," *see id.* ¶ 10.6, fee requests by consumer class action plaintiffs frequently exceed $1 million. *See, e.g.*, *Wilson v. Airborne, Inc.*, No. 07-770, 2008 WL 3854963, at *12 (C.D. Cal. Aug. 13, 2008) (awarding $3,459,946 in attorneys' fees in deceptive advertising class action); *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 46 (2008) (affirming trial court's award of attorneys' fees of $2.04

---

[3] A defendant need not offer evidence to substantiate the amount in controversy; rather, a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*; *see also Greene*, 965 F.3d at 772 (applying *Dart Cherokee* standard to removal under CAFA); *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (holding that a "preponderance of the evidence" standard applies only after "a defendant's assertion of the amount in controversy is challenged") (citations and internal quotation marks omitted). Nonetheless, in an abundance of caution Defendant is submitting the Declaration of Theodor Haugen to put the volume and value of properties into the record and render the jurisdictional issue beyond cavil.



GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

million as part of the settlement of consumer class action); *In re Sony SXRD Rear Projection Television Class Action Litig.*, No. 06-5173, 2008 WL 1956267, at *16 (S.D.N.Y. May 1, 2008) (approving negotiated award to class counsel of $1.6 million in attorneys' fees and expenses in breach-of-warranty class action). Unless Plaintiffs' counsel is willing to represent that they will only seek six figures of attorneys' fees, the Court should assume it is possible that they would seek seven figures.

34. Additionally, Plaintiffs seek to "enjoin the use of Unison's HomeOwner Agreements in Washington." Compl. ¶ 9.3. In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt*, 432 U.S. at 347); *see also Rose v. J.P. Morgan Chase, N.A.*, No. 12-225, 2012 WL 892282, at *2–3 (E.D. Cal. Mar. 14, 2012) (denying motion to remand where value of injunctive relief sought exceeded the amount in controversy). The amount in controversy therefore includes "the cost [to UAC] of complying with [Plaintiffs'] requested injunctive relief." *Gen. Dentistry for Kids*, 379 F. App'x at 635; *Fritsch*, 899 F.3d at 793 (noting that "the costs of complying with an injunction" are included in determining whether CAFA's amount in controversy requirement is met). These costs would be substantial, as Plaintiffs' requested injunction would prohibit UAC from offering its financial products for sale in the state of Washington.

35. In sum, when aggregated, Plaintiffs' request for rescission of all class members' HomeOwner Agreements, reformation of the Agreements, actual damages, treble damages, and attorneys' fees on behalf of themselves and all other persons who entered into a HomeOwner Agreement with UAC in connection with a property located in Washington, combined with the costs of Plaintiffs' requested injunctive relief (*see* Compl. ¶¶ 5.1, 9.3 & XI), readily exceeds CAFA's $5 million threshold.



GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

## VENUE IS PROPER

36. Venue is proper in this Court because Plaintiffs filed their complaint in the Superior Court of the State of Washington, County of King, which is located in this District. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); 28 U.S.C. § 128(b) (providing that King County is part of the Western District of Washington).

## REMOVAL IS TIMELY

37. Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within thirty days of service of the summons and complaint. This action was filed on December 1, 2022, and it was served on Defendant on December 13, 2022. *See* Exs. B, C. This Notice of Removal is therefore timely.

## OTHER REQUIREMENTS FOR REMOVAL ARE MET

38. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint and all process, pleadings and orders served upon Defendant are being filed herewith as Exhibit A.

39. No attorneys for Defendant have entered an appearance, or filed any pleadings or other papers responding to the Complaint in the Superior Court. *See id*

40. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give written notice of the filing of this Notice of Removal to Plaintiffs and will promptly file a written notice, along with a copy of this Notice of Removal, in the King County Superior Court and serve it on all parties.

## PRESERVATION OF DENIALS AND DEFENSES

41. By filing this Notice of Removal, UAC does not waive any jurisdictional or other defenses that might be available to it. In addition, UAC expressly reserves the right to move for dismissal of some or all of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil



GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Procedure. UAC reserves the right to amend this notice of removal to offer additional grounds for removal should the grounds presented herein be found to be insufficient.

**CONCLUSION**

WHEREFORE, Defendant gives notice of removal of this action from the Superior Court of the State of Washington, County of King to the United States District Court for the Western District of Washington.

DATED this 30th day of December, 2022.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Defendant Unison Agreement Corp.

By s/ *Michael Rosenberger*
Michael Rosenberger, WSBA #17730
mrosenberger@gordontilden.com
600 University Street, Suite 2915
Seattle, Washington 98101
206.467.6477

By s/ *Katherine S. Wan*
Katherine S. Wan, WSBA #58647
kwan@gordontilden.com
600 University Street, Suite 2915
Seattle, Washington 98101
206.467.6477

**JENNER & BLOCK LLP**
Attorneys for Defendant Unison Agreement Corp.

By s/ *Brent Caslin*
Brent Caslin, WSBA #36145
515 S. Flower Street, Suite 3300
Los Angeles, California 90071
213.239.5100
bcaslin@jenner.com

**CERTIFICATE OF E-SERVICE**

I certify that I initiated electronic service of the foregoing document on the parties listed below who have consented to accept electronic service via the Court's eFiling Application. Service was initiated this 30th day of December, 2022, on:

***Counsel for Plaintiff:***
Beth E. Terrell, WSBA #26759
Blythe H. Chandler, WSBA #43387
Elizabeth A. Adams, WSBA #49175
936 North 34th Street, Suite 300
Seattle, WA 98103

☐ hand delivery via messenger
☐ mailing with postage prepaid
☒ via court electronic service
☒ via email to:
bterrell@terrellmarshall.com
bchandler@terrellmarshall.com
eadams@terrellmarshall.com

***Counsel for Plaintiff:***
Umar I. Gebril, WSBA #58227
Joseph W. Moore, WSBA #44061
Cascade Law PLLC
1604 Hewitt Avenue, Suite 515
Everett, WA 98201

☐ hand delivery via messenger
☐ mailing with postage prepaid
☒ via court electronic service
☒ via email to:
umar@cascade-law.com
joseph@cascade-law.com

DATED this 30th day of December, 2022, at Seattle, Washington.

s/ *Michael Rosenberger*
Michael Rosenberger, WSBA #17730



GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477