# EXHIBIT A

**FILED**
2022 DEC 01 03:57 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 22-2-19873-7 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF KING

CHARLES BOYD OLSON, JANINE OLSON, and
MAGGIE COLIN, individually and on behalf of
all others similarly situated,

                  Plaintiffs,

     v.

UNISON AGREEMENT CORPORATION,

                 Defendant.

NO.

**CLASS ACTION COMPLAINT**

## I.  INTRODUCTION

1.1     Preying on lower and middle income households whose wealth is largely tied up in their homes, Defendant Unison Agreement Corporation purports to offer a financial product that permits homeowners to receive money without ever paying any interest. Unison claims its product is "not a loan." Instead, Unison represents itself as merely a "co-investor" purchasing an "option" to acquire equity in the home and obtain a return on its "investment" when the homeowner chooses to sell their home.

1.2     In reality, Unison's financial product, called the "HomeOwner Agreement," wipes out a substantial portion of the wealth that homeowners have painstakingly accumulated over time in their homes. Unison structures its HomeOwner Agreements so that it can profit at interest rates that would never be permitted under Washington's lending laws. Unison claims

CLASS ACTION COMPLAINT - 1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  that its product is not a loan, instead structuring the agreement as an "option" agreement.

2  Unison structures its agreement this way in an attempt to avoid the regulatory schemes

3  intended to protect consumers from unscrupulous lenders. But Unison's product is actually a

4  reverse mortgage without the name (and without following any of the rules that reverse

5  mortgage lenders are required to follow).

6        1.3      Unison's unfair and deceptive HomeOwner Agreement, specifically targeted to

7  consumers in lower to middle-income areas where large increases in property values have been

8  ongoing and are expected to continue, has induced hundreds of Washington homeowners to

9  borrow money from Unison.

10                        II.      JURISDICTION AND VENUE

11        2.1      Jurisdiction. This Court has jurisdiction over the parties and claims in this action.

12  At all relevant times, Charles Boyd Olson, Janine Olson, and Maggie Colin ("the Homeowners")

13  resided in King County, Washington.

14        2.2      Venue. Venue is proper in King County under RCW 4.12.020 and 4.12.025

15  because Unison transacts business in King County and the events giving rise to liability took

16  place in King County.

17                                III.      PARTIES

18        3.1      Homeowners Charles Boyd Olson and Janine Olson are natural persons residing

19  in Kent, Washington. In 2019, the Olsons entered into a HomeOwner Agreement with Unison.

20        3.2      Homeowner Maggie Colin is a natural person residing in Seattle, Washington. In

21  2019, Ms. Colin entered into a HomeOwner Agreement with Unison.

22        3.3      Defendant Unison Agreement Corporation ("Unison") is a foreign corporation

23  doing business in Washington under UBI number 603-369-488. Unison is incorporated in

24  Delaware and has its principal place of business in San Francisco, California.

25

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    IV.    **FACTUAL ALLEGATIONS**

2    **A.    Home equity and reverse mortgage lending.**

3        4.1    Home equity is the single largest asset for many lower and middle income

4    families. *See* Jenny Schuetz, *Rethinking homeownership incentives to improve household*

5    *financial security and shrink the racial wealth gap*, Brookings Institute, December 9, 2020,

6    available at https://www.brookings.edu/research/rethinking-homeownership-incentives-to-

7    improve-household-financial-security-and-shrink-the-racial-wealth-gap/ ("For households in the

8    three middle-income quintiles, home equity is the largest single financial asset, representing

9    between 50% and 70% of net wealth.").

10        4.2    One of the biggest disadvantages of home equity as a wealth-building tool is that

11    the wealth cannot be easily accessed.

12        4.3    A reverse mortgage loan is a financial product that permits a homeowner to

13    access some of the wealth tied up in their home by borrowing against their home equity.

14    Reverse mortgage loans can thus be beneficial to some people.

15        4.4    However, reverse mortgages have high potential to be predatory. *See* USA

16    Today, *Dark side of reverse mortgage industry: Predatory lending hits seniors*, Jun 13, 2019,

17    available at https://www.usatoday.com/story/opinion/2019/06/13/reverse-mortgages-

18    predatory-lending-cloud-home-loans-editorials-debates/1446693001/. This has led Washington

19    and many other states, as well as the federal government, to heavily regulate reverse mortgage

20    lending to protect consumers.

21        4.5    To combat abuses in lending, Washington law requires that all lenders making

22    loans covered by the Consumer Loan Act be licensed by the state. RCW 31.04.035(1).

23        4.6    Any proprietary reverse mortgage product must be preapproved by

24    Washington's Department of Financial Institutions prior to it being sold in Washington. RCW

25    31.04.525(1); *see also* https://dfi.wa.gov/consumer-loan-companies/proprietary-reverse-

26    mortgages.

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

4.7     If a loan is made without proper licensing, any fees charged in connection with the origination of the loan must be refunded. RCW 31.04.035(2)(a).

4.8     No licensee making loans under the Consumer Loan Act in Washington may lend money at a rate exceeding 25% simple interest per annum. RCW 31.04.105(1).

4.9     Washington law also protects borrowers from unfair reverse mortgage lending practices by prohibiting lenders from requiring the purchase of insurance or any other financial product as a condition of obtaining a reverse mortgage loan. RCW 31.04.515(7); RCW 31.04.515(8)(b).

4.10    Washington law requires that before a lender accepts a final application for a reverse mortgage loan, it must refer a prospective borrower to an independent housing counseling agency. RCW 31.04.515(9).

4.11    A reverse mortgage lender must receive a certification that such counseling has occurred before assessing any fees or finalizing the loan. RCW 31.04.515(10).

4.12    Reverse mortgage loans cannot be made to a Washington state resident unless the resident is at least sixty years old on the date of the execution of the loan. RCW 31.04.515(11).

4.13    Lenders are prohibited by the Consumer Loan Act from making "any statement or representation with regard to the rates, terms, or conditions for the lending of money that is false, misleading, or deceptive." RCW 31.04.135.

4.14    Lenders are further prohibited from obtaining at the time of closing of a loan "a release of future damages for usury or other damages or penalties provided by law." RCW 31.04.027(1)(k).

**B.      Unison's HomeOwner Agreement is an equitable reverse mortgage.**

4.15    Unison claims it offers "[a] smarter way to access the home equity you already own, without interest, debt, or monthly payments." https://www.unison.com/.

4.16    Unison advertises to potential clients that its HomeOwner Agreement is "not a loan."

CLASS ACTION COMPLAINT - 4

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    4.17    Unison purposely structures its HomeOwner Agreements in an attempt to avoid

2  the application of lending laws because such agreements would otherwise be unlawful under

3  Washington's Consumer Loan Act.

4    4.18    Under Washington law, a "reverse mortgage loan" is "a nonrecourse consumer

5  credit obligation in which: (a) A mortgage, deed of trust, or equivalent consensual security

6  interest securing one or more advances is created in the borrower's dwelling; (b) Any principal,

7  interest, or shared appreciation or equity is due and payable, other than in the case of default,

8  only after: (i) The consumer dies; (ii) The dwelling is transferred; or (iii) The consumer ceases to

9  occupy the dwelling as a dwelling; and (c) The broker or lender is licensed under Washington

10  state law or exempt from licensing under federal law." RCW 31.04.505(5).

11    4.19    Unison's HomeOwner Agreements create nonrecourse obligations because

12  Unison may not recover funds outside of the proceeds created from the sale of the property.

13    4.20    Unison's HomeOwner Agreements are secured by deeds of trust recorded in the

14  county in which the relevant property is located.

15    4.21    A deed of trust is a species of mortgage, and under Washington law, a deed of

16  trust is "subject to all laws relating to mortgages on real property." RCW 61.24.020.

17    4.22    Payment to Unison can become due and payable under the terms of the

18  HomeOwner Agreement only after a borrower either dies, sells their home, ceases to occupy

19  the home as their primary residence, or at the expiration of a 30-year term.

20    4.23    A reverse mortgage loan may provide for interest that is "contingent on the

21  value of the property upon execution of the loan or at maturity, or on changes in value

22  between closing and maturity." RCW 31.04.515(2).

23    4.24    Unison deliberately structures its HomeOwner Agreement in an attempt to avoid

24  the application of the Consumer Loan Act by creating an "option to purchase" an interest in

25  residential property at the occurrence of a triggering event.

26    4.25    Under Washington law, where a real estate transaction is structured as an option

27  agreement, but has the purpose of creating a mortgage instead, courts have recognized the

CLASS ACTION COMPLAINT - 5

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    arrangement as an "equitable mortgage." This equitable theory is meant to prevent parties

2    from contracting around lending laws designed to protect consumers from unscrupulous and

3    unfair lending practices.

4        4.26    Unison's HomeOwner Agreement product meets nearly all of the criteria for a

5    reverse mortgage loan and functions as a reverse mortgage.

6        4.27    Unison's HomeOwner Agreement thus creates an equitable reverse mortgage

7    loan and is subject to Washington law regulating such loans.

8        4.28    Unison is not licensed to make reverse mortgage loans in Washington.

9    **C.    Charles Boyd Olson and Janine Olson borrowed money from Unison.**

10       4.29    Homeowner Charles Boyd Olson is a 70-year-old senior buyer planner. He began

11   his career in the delivery business more than 40 years ago as a delivery driver and worked his

12   way up to managing other drivers. For the last 20 years, Mr. Olson has managed trucking and

13   delivery logistics for Cardinal Health.

14       4.30    In 1986, Mr. Olson purchased the property located at 3718 S 256th Ct, Kent, WA

15   98032 (the "Olson Property"). Mr. Olson took out a mortgage to purchase the Olson Property

16   from Valley Mortgage Corporation.

17       4.31    Homeowner Janine Olson is a 72-year-old mother of five grown children,

18   including a son with Down syndrome; a grandmother of eleven; and a great-grandmother of

19   five. Ms. Olson escaped a violent relationship with her ex-husband and the father of her five

20   children in 1987. She subsequently met Charles Boyd Olson, and they were married in 1990.

21   Ms. Olson and her children moved into the Olson Property, where the Olsons together raised

22   their five children.

23       4.32    In 1998, Mr. Olson conveyed the Olson Property to himself and Janine Olson as

24   joint tenants via a quitclaim deed.

25       4.33    Charles Boyd Olson and Janine Olson have resided together at the Olson

26   Property continuously since 1990. Ms. Olson's disabled son, who is now 40, continues to reside

27   at the Olson Property with them. The Olsons have also at times had custody of some of their

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  grandchildren, including custody of one grandson from 2017 to 2022, who resided at the Olson

2  Property during that time.

3      4.34    In the 36 years since Mr. Olson purchased the Olson Property, the Olsons have

4  never fallen more than a month behind on their mortgage payments.

5      4.35    The Olsons' mortgage has been assigned to various lenders over the years, and

6  the Olsons refinanced the Olson Property several times as well. The last such refinancing

7  occurred in January 2018. The Olsons' current mortgage is with Union Bank.

8      4.36    In 2019, the Olsons faced financial difficulty resulting from a number of life

9  circumstances, including Ms. Olson's being cut off from L&I payments (and the resulting credit

10  card debt the Olsons took on) and the costs of caring for their children and grandchildren.

11      4.37    Like many homeowners with moderate means, most of the Olsons' wealth was

12  tied up in their home. They feared they would not have enough money to pay their bills.

13      4.38    In early 2019, the Olsons received a flyer in the mail from Unison. The flyer

14  promised that the Olsons could "access the equity locked in [their] home" by entering into an

15  agreement with Unison that would include "no monthly payments and no interest."

16      4.39    After receiving the flyer, Mr. Olson called Unison and asked for information

17  about how the HomeOwner Agreement worked and what the application process looked like.

18  Because they needed money and did not think refinancing their home again was feasible at that

19  time, the Olsons decided to apply for a HomeOwner Agreement to obtain cash to cover their

20  credit card debt and daily living expenses.

21      4.40    On March 26, 2019, the Olsons signed the HomeOwner Agreement with Unison.

22  The HomeOwner Agreement provided that the Original Agreed Value of the Olson Property in

23  March 2019 was $370,000. Unison made an "investment payment" of $64,750 for an option to

24  purchase a 70% ownership interest in the Property.

25      4.41    Unison charged the Olsons $2,525.00 in "transaction fees."

26      4.42    On April 3, 2019, Unison recorded a deed of trust on the Olson Property in King

27  County securing the Olsons' performance of their obligations under the HomeOwner

CLASS ACTION COMPLAINT - 7

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Agreement. The deed of trust granted Unison the right to foreclose and sell the Olson Property

2  in the event of default by the Olsons. On May 16, 2019, the deed of trust on the Olson Property

3  was assigned by Unison to Odin New Horizon Real Estate Fund LP.

4    4.43    In 2021, the Olsons began to explore selling the Olson Property, which is located

5  in an area with rising crime, and purchasing a home in a safer neighborhood. When the Olsons

6  began calculating the costs of fixing up the Olson Property to sell, the amount owed on their

7  first mortgage, and the amount Unison would be owed under the HomeOwner Agreement,

8  however, the Olsons realized that they would receive almost nothing from the sale of the Olson

9  Property and would be unable to afford a down payment on another home with the sale

10  proceeds. As a result, the Olsons are stuck living in the Olson Property.

11  **D.    Maggie Colin borrowed money from Unison.**

12    4.44    Homeowner Maggie Colin is an 85-year-old retired dialysis nurse. She worked as

13  a nurse for 51 years, during which time she always rented her home. When she retired at the

14  age of 74, she was finally able to purchase a home for the first time in her life.

15    4.45    In December 2011, Ms. Colin purchased a condominium located at 900 Aurora

16  Ave N Apt 206, Seattle, WA 98109 (the "Condominium"). Ms. Colin took out a $178,100

17  mortgage loan from Sterling Savings Bank to finance the purchase.

18    4.46    Ms. Colin has made all of her mortgage payments on time. She has never missed

19  a payment.

20    4.47    In 2019, Ms. Colin faced financial difficulty after needing dental implants. She

21  needed approximately $60,000 for this dental work and did not have sufficient cash on hand to

22  pay the bills. Like many homeowners with moderate means, most of Ms. Colin's wealth was

23  tied up in her home.

24    4.48    Around this time, Ms. Colin received a flyer in the mail from Unison. The flyer

25  promised that Ms. Colin could "access the equity locked in [her] home" by entering into an

26  agreement with Unison that would include "no monthly payments and no interest."

27    4.49    After receiving the flyer, Ms. Colin applied for a HomeOwner Agreement.

CLASS ACTION COMPLAINT - 8

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1     4.50    On November 16, 2019, Ms. Colin signed the HomeOwner Agreement with

2  Unison.

3     4.51    The HomeOwner Agreement provided that the Original Agreed Value of the

4  Condominium in November 2019 was $565,000.

5     4.52    Unison made an "investment payment" of $60,000 for an option to purchase a

6  42.48% interest in the Condominium.

7     4.53    Unison charged Ms. Colin $2,340 in "transaction fees."

8     4.54    On November 21, 2019, Unison recorded a deed of trust on the Condominium in

9  King County securing Ms. Colin's performance of her obligations under the HomeOwner

10  Agreement. The deed of trust granted Unison the right to foreclose and sell the Condominium

11  in the event of default by Ms. Colin.

12     4.55    Ms. Colin believed that the Unison HomeOwner Agreement was a loan and that

13  she would be able to pay down the loan in increments over time.

14     4.56    After entering into the HomeOwner Agreement, Ms. Colin attempted to

15  refinance the Condominium. She reached out to a bank about the possibility of refinancing. The

16  bank told her that because the Condominium was subject to the HomeOwner Agreement, the

17  bank was unwilling to offer her refinancing.

18     4.57    After Ms. Colin learned that the HomeOwner Agreement was preventing her

19  from being able to refinance the Condominium, she asked Unison about the possibility of

20  terminating her HomeOwner Agreement. Unison told Ms. Colin that under the terms of

21  HomeOwner Agreement, she would owe Unison hundreds of thousands of dollars in order to

22  terminate it.

23     4.58    Ms. Colin still owes approximately $200,000 on her first mortgage.

24            **V.     CLASS ACTION ALLEGATIONS**

25     5.1    Pursuant to Civil Rule 23, the Homeowners bring this case on behalf of

26  themselves and of a proposed Class defined as follows:

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

All persons who have entered into a HomeOwner Agreement with Unison on a property located in Washington.

Excluded from the Class is any entity in which Unison has a controlling interest, officers or directors of Unison, this Court and any employees assigned to work on this case, and all employees of the law firms representing Plaintiffs and the Class.

5.2     <u>Numerosity</u>: Unison represents that there are over 9,000 "Unison HomeOwners" in the United States spread across 29 states and the District of Columbia.

5.3     A non-exhaustive search of public records in several Washington counties has identified at least 87 homes in Washington that have deeds of trust recorded in favor of Unison.

5.4     As a result, on information and belief, there are more than 100 members of the proposed Class.

5.5     <u>Commonality and Predominance</u>: Unison's conduct is based on its standard practices and form HomeOwner Agreements. As a result, the Homeowners' claims raise common issues that predominate over individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

5.6     There exists questions of law and fact common to the Homeowners and the proposed Class, including but not limited to:

a.      Whether Unison's HomeOwner Agreement creates an equitable reverse mortgage loan;

b.      Whether Unison is subject to the requirements of the Consumer Loan Act;

c.      Whether Unison is licensed to make loans in Washington;

d.      Whether Unison's HomeOwner Agreement has been approved by the Department of Financial Institutions;

e.      Whether the transaction fees charged by Unison in connection with the HomeOwner Agreement were unlawful;

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

f.     Whether the interest rate Unison collects on its HomeOwner Agreements is unlawful;

g.     Whether Unison requires consumers to obtain insurance or other financial products as a condition of entering into a HomeOwner Agreement;

h.     Whether requiring consumers to obtain insurance as a condition of entering into a HomeOwner Agreement is unlawful;

i.     Whether Unison's standard policy fails to refer applicants for HomeOwner Agreements to an independing housing counseling agency;

j.     Whether Unison's representation that its HomeOwner Agreement is "not a loan" is false, misleading, or deceptive;

k.     Whether Unison's indemnity clause in the HomeOwner Agreement is unenforceable;

l.     Whether Unison's fee-shifting clause in the HomeOwner Agreement is unenforceable;

m.     Whether Unison's conduct violates the Washington Consumer Protection Act;

n.     Whether Unison's conduct violates the Washington Consumer Loan Act; and

o.     The nature and extent of the injury to the Class and the measure of compensation for such injury.

5.7     Typicality: The Homeowners have claims that are typical of the claims of the Class. The Homeowners' claims, like the claims of the Class, arise out of the same common course of conduct, are subject to uniform policies, and are based on the same legal and remedial theories.

5.8     Adequacy of Representation: The Homeowners are appropriate representative parties for the Class and will fairly and adequately protect the interests of the Class. The

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Homeowners understand and are willing to undertake the responsibilities of acting in a

2  representative capacity on behalf of the proposed Class. The Homeowners have no interests

3  that directly conflict with the interests of the Class. The Homeowners have retained competent

4  and capable attorneys who are experienced trial lawyers with significant experience in complex

5  and class action litigation, including consumer class actions. The Homeowners and their counsel

6  are committed to prosecuting this action vigorously on behalf of the Class and have the

7  financial resources to do so.

8       5.9    <u>Superiority</u>: The Homeowners and members of the Class suffered harm and

9  damages as a result of Unison's unlawful and wrongful conduct. Absent a class action, however,

10 most Class members would find the cost of litigating their claims prohibitive. Class treatment is

11 superior to multiple individual suits or piecemeal litigation because it conserves judicial

12 resources, promotes consistency and efficiency of adjudication, provides a forum for small

13 claimants, and deters illegal activities. The Class members are readily identifiable from Unison's

14 records, and there will be no significant difficulty in the management of this case as a class

15 action.

16      5.10   <u>Injunctive Relief</u>: Unison's conduct is uniform as to all members of the Class.

17 Unison has acted or refused to act on grounds that apply generally to the Class, so that final

18 injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

19                          **VI.    FIRST CLAIM FOR RELIEF**

20   **Equitable Reverse Mortgage – Per Se Violations of the Consumer Protection Act**

21      6.1    The Homeowners and Unison are "persons" within the meaning of the

22 Washington Consumer Protection Act. RCW 19.86.010(1).

23      6.2    The Consumer Loan Act provides that "[a]ny violation of this chapter is not

24 reasonable in relation to the development and preservation of business and is an unfair and

25 deceptive act or practice and unfair method of competition in the conduct of trade of

26 commerce in violation of RCW 19.86.020."

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

6.3     The Consumer Loan Act further provides that "the practices governed" by it "are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW."

6.4     Unison's HomeOwner Agreements with the Homeowners created equitable reverse mortgage loans. Therefore, Unison is subject to the provisions of the Consumer Loan Act applicable to reverse mortgage loans and lenders.

6.5     Unison is not licensed to provide consumer loans in Washington.

6.6     Unison's HomeOwner Agreement has not been approved by Washington's Department of Financial Institutions.

6.7     As a result, Unison violated the Consumer Loan Act by making loans to the Homeowners in Washington without licensing or approval.

6.8     Depending on changes in property values over the course of the Homeowner Agreement, Unison's loans to the Homeowners will likely exceed the 25% simple interest rate cap on licensed consumer loans. RCW 31.04.105(1). And because Unison was not licensed, it is not permitted to charge interest of more than 12%. RCW 19.52.020(1). As a result, Unison has violated the Consumer Loan Act by lending at interest rates above those permitted by law.

6.9     Unison's HomeOwner Agreement required the Homeowners to purchase and maintain homeowners' insurance as a condition of making the loan.

6.10    Unison violated the Consumer Loan Act, RCW 31.04.515(7) and RCW 31.04.515(8)(b), by requiring the Homeowners to purchase and maintain homeowner's insurance.

6.11    Unison failed to refer the Homeowners to an independent housing counseling agency prior to entering into HomeOwner Agreements. As a result, Unison violated the Consumer Loan Act. RCW 31.04.515(9); RCW 31.04.515(10).

6.12    Lenders are prohibited by the Consumer Loan Act from making "any statement or representation with regard to the rates, terms, or conditions for the lending of money that is false, misleading, or deceptive." RCW 31.04.135.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

6.13    Unison violated this prohibition by advertising its product to the Homeowners as an investment and not a loan.

6.14    Unison's HomeOwner Agreement purports to indemnify Unison from claims relating to the property securing the loan. This provision violates the Consumer Loan Act to the extent it is "a release of future damages for usury or other damages or penalties provided by law." RCW 31.04.027(1)(k).

6.15    Therefore, Unison has violated the Consumer Loan Act in numerous ways. Each such violation is an unfair and deceptive act or practice in trade or commerce and affects the public interest.

6.16    Unison's unfair and deceptive acts or practices caused the Homeowners to lose money charged as unlawful "transaction fees."

6.17    Unison's unfair and deceptive acts or practices have also injured the Homeowners' property interests by substantially reducing their equity in their homes.

6.18    The Homeowners were also injured because their property rights were impaired when they were not able to refinance due to the HomeOwner Agreement.

6.19    The Homeowners are therefore entitled to legal relief against Unison, including recovery of actual damages, treble damages, attorneys' fees, costs of suit, and such further relief as the Court may deem proper.

6.20    The Homeowners are also entitled to injunctive relief in the form of an order prohibiting Unison from selling its unfair and deceptive HomeOwner Agreements to Washington consumers.

6.21    The Homeowners are also entitled to reformation of the HomeOwner Agreements to comply with Washington's lending laws and interest caps, and/or to rescission of the HomeOwner Agreements.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

VII.    SECOND CLAIM FOR RELIEF

**Violation of the Consumer Protection Act – Unfair Acts or Practices**

7.1    The Homeowners and Unison are "persons" within the meaning of the Washington Consumer Protection Act.

7.2    Unison's conduct described in paragraphs 1.1-5.8 is unfair within the meaning of the Washington Consumer Protection Act.

7.3    Unison engaged in unfair acts or practices by marketing and selling its HomeOwner Agreement to the Homeowners and other Washington consumers in a manner that purposely attempts to avoid reverse mortgage lending laws. Unison's HomeOwner Agreements are immoral, unethical, oppressive, and/or unscrupulous.

7.4    Unison's marketing and sale of its HomeOwner Agreement occurred in trade or commerce within the meaning of the Washington Consumer Protection Act, and were and are capable of injuring a substantial portion of the public.

7.5    Unison's unfair acts or practices impact the public interest because they have injured the Homeowners, have injured at least hundreds of Washington consumers, and have the capacity to injure hundreds or thousands of other Washington residents. Moreover, Unison continues to market and sell its HomeOwner Agreement in Washington and, as a result, is likely to continue to injure the public.

7.6    As a direct and proximate result of Unison's unfair acts or practices, the Homeowners have suffered an injury in fact and lost money. Specifically, the Homeowners' injuries consist of the transaction fees they paid to Unison and the impairment to their property rights created by the HomeOwner Agreement and Unison's deeds of trust on their homes.

7.7    The Homeowners are therefore entitled to legal relief against Unison, including recovery of actual damages, treble damages, attorneys' fees, costs of suit, and such further relief as the Court may deem proper.

7.8    The Homeowners are also entitled to injunctive relief in the form of an order prohibiting Unison from selling its unfair HomeOwner Agreements to Washington consumers.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   7.9     The Homeowners are also entitled to reformation of the HomeOwner

2   Agreements to comply with Washington's lending laws and interest caps, and/or to rescission

3   of the HomeOwner Agreements.

4                       **VIII.     THIRD CLAIM FOR RELIEF**

5              **Violation of the Consumer Protection Act – Deceptive Acts or Practices**

6   8.1     The Homeowners and Unison are "persons" within the meaning of the

7   Washington Consumer Protection Act.

8   8.2     Unison's conduct described in paragraphs 1.1-5.8 is deceptive within the

9   meaning of the Washington Consumer Protection Act.

10   8.3     Unison engaged in deceptive acts or practices by marketing and selling its

11   HomeOwner Agreement to the Homeowners and other Washington consumers in a manner

12   that purposely misrepresents the nature of the product. Unison repeatedly represents that the

13   product is "not a loan," but its product is functionally a reverse mortgage loan. These acts or

14   practices are deceptive within the meaning of the CPA because they have the capacity to

15   deceive Washington consumers.

16   8.4     Unison's marketing and sale of its HomeOwner Agreement occurred in trade or

17   commerce within the meaning of the Washington Consumer Protection Act and were and are

18   capable of injuring a substantial portion of the public.

19   8.5     Unison's deceptive acts or practices impact the public interest because they have

20   injured the Homeowners, have injured at least hundreds of Washington consumers, and have

21   the capacity to injure hundreds or thousands of other Washington residents. Moreover, Unison

22   continues to market and sell its HomeOwner Agreement and, as a result, is likely to continue to

23   injure the public.

24   8.6     As a direct and proximate result of Unison's unfair acts or practices, the

25   Homeowners have suffered an injury in fact and lost money. Specifically, the Homeowners'

26   injuries consist of the transaction fees they paid to Unison and the impairment to their property

27   rights created by the HomeOwner Agreement and Unison's deeds of trust on their homes.

CLASS ACTION COMPLAINT - 16

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    8.7    The Homeowners are therefore entitled to legal relief against Unison, including

2  recovery of actual damages, treble damages, attorneys' fees, costs of suit, and such further

3  relief as the Court may deem proper.

4    8.8    The Homeowners are also entitled to injunctive relief in the form of an order

5  prohibiting Unison from selling its deceptive HomeOwner Agreement to Washington

6  consumers.

7    8.9    The Homeowners are also entitled to reformation of the HomeOwner

8  Agreements to comply with Washington's lending laws and interest caps, and/or to rescission

9  of the HomeOwner Agreements.

10    **IX.    FOURTH CLAIM FOR RELIEF**

11    **Injunctive Relief on Behalf of Washington Consumers**

12    9.1    Under the Washington Consumer Protection Act, "[a]ny person who is injured in

13  his or her business or property" by a CPA violation "may bring a civil action in superior court to

14  enjoin further violations." RCW 19.86.090.

15    9.2    For the reasons stated above, Unison has violated the Washington Consumer

16  Protection Act, and the Homeowners have been injured in their property by those violations. As

17  a result, the Homeowners have standing to seek an injunction to protect the public interest

18  from future violations. *See Hockley v. Hargitt*, 82 Wn.2d 337, 350-51 (1973).

19    9.3    Therefore, the Homeowners seek an injunction prohibiting Unison from

20  continuing its unfair and deceptive practices in Washington. Specifically, the Homeowners ask

21  the Court to enjoin the use of Unison's HomeOwner Agreements in Washington.

22    **X.    FIFTH CLAIM FOR RELIEF**

23    **Declaratory Relief – Fee Shifting Provision Unenforceable**

24    10.1    Any person with an interest in a written contract "may have determined any

25  questions of construction or validity arising under the ... contract and obtain a declaration of

26  rights, status or other legal relations thereunder." RCW 7.24.020.

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1       10.2    The HomeOwner Covenant Agreements between the Homeowners and Unison

2    contain attorneys' fees provisions. The Olsons' HomeOwner Covenant Agreement states, at

3    paragraph 9.8, "[i]f a lawsuit or arbitration proceeding … is commenced in connection or arising

4    out of the Option or the Unison HomeOwner Agreement or in connection with the

5    interpretation, enforcement or protection of Investor's Rights, the prevailing party, as

6    determined by the court or arbitrator, shall be entitled to recover court and other dispute

7    resolution costs, attorneys' and experts' fees and costs, and fees and disbursements of

8    Investor's in-house counsel that are directly attributable to the specific matters on which they

9    prevailed."

10       10.3    Similarly, Ms. Colin's HomeOwner Covenant Agreement states, at paragraph

11    19.9, "[i]f a dispute arises out of the HomeOwner Agreement, then the prevailing party will be

12    entitled to reasonable attorney fees and costs."

13       10.4    The Homeowners seek a declaration that this fee-shifting provision is

14    unconscionable and unenforceable in this action because they bring claims under the

15    Washington Consumer Protection Act. The CPA provides for fee shifting only to a prevailing

16    plaintiff. The Washington Supreme Court has found that a mutual fee shifting term, such as the

17    one in the HomeOwner Covenant Agreement, is substantively unconscionable and therefore

18    unenforceable where the statute provides that only a prevailing plaintiff may recover fees.

19    *Gandee v. LDL Freedom Enters., Inc.*, 176 Wn.2d 598, 606 (2013).

20       10.5    Because the Homeowners are filing this Complaint, there is an existing dispute

21    about whether the Homeowners will be liable to pay Unison's attorneys' fees should Unison

22    prevail in this lawsuit.

23       10.6    The parties have genuinely opposing and substantial interests in this dispute, as

24    attorneys fees for litigation can cost tens of thousands, if not hundreds of thousands, of dollars.

25       10.7    A judicial determination of whether Unison will be permitted to seek to recover

26    their attorneys' fees if they prevail will provide the parties with certainty and finality regarding

27    their rights and the risks of continuing litigation.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1          **XI.      PRAYER FOR RELIEF**

2          WHEREFORE, the Homeowners request relief as follows:

3          A.      Declaratory relief determining that the fee-shifting provision in the HomeOwner

4   Agreement is unenforceable in this action;

5          B.      Rescission of the HomeOwner Agreements;

6          C.      Reformation of the HomeOwner Agreements;

7          D.      Actual damages;

8          E.      Treble damages under the CPA;

9          F.      Injunctive relief prohibiting Unison from selling its HomeOwner Agreement to

10  Washington consumers;

11         G.      Attorneys' fees and costs of suit;

12         H.      Prejudgment interest; and

13         I.      Such other relief as the Court deems just and proper.

14         RESPECTFULLY SUBMITTED AND DATED this 1st day of December, 2022.

15                                 TERRELL MARSHALL LAW GROUP PLLC

16                                 By: /s/Beth E. Terrell, WSBA #26759

17                                     Beth E. Terrell, WSBA #26759
                                        Email: bterrell@terrellmarshall.com
18                                     Blythe H. Chandler, WSBA #43387
                                        Email: bchandler@terrellmarshall.com
19                                     Elizabeth A. Adams, WSBA #49175
                                        Email: eadams@terrellmarshall.com
20                                     936 North 34ᵗʰ Street, Suite 300
21                                     Seattle, Washington 98103
                                        Telephone: (206) 816-6603
22                                     Facsimile: (206) 319-5450

23

24

25

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Umar I. Gebril, WSBA #58227
Email: umar@cascade-law.com
Joseph W. Moore, WSBA #44061
Email: joseph@cascade-law.com
CASCADE LAW PLLC
1604 Hewitt Avenue, Suite 515
Everett, Washington 98201
Telephone: (425) 300-5616

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT - 20