HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES BOYD OLSEN, *et al.*,

        Plaintiffs,

    v.

UNISON AGREEMENT
CORPORATION,

        Defendant.

Case No.  2:22-cv-01859-RAJ

**ORDER GRANTING MOTION
TO COMPEL ARBITRATION**

## I.   INTRODUCTION

This matter comes before the Court on Defendant's Motion to Compel Arbitration. Dkt. # 8.  Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary.  For the reasons below, the motion is **GRANTED**.

## II.   BACKGROUND

In December 2022, this matter was removed from King County Superior Court. Dkt. # 1.  According to the complaint, Plaintiffs entered into a "HomeOwner Agreement"

ORDER – 1

("Agreement") with Defendant Unison Agreement Corporation ("Unison"). Under the Agreement, Plaintiffs received a monetary payment from Defendant and Defendant received an option to acquire equity in Plaintiffs' homes.  Dkt. # 1-1, ¶ 1.1.  The Agreement signed by Plaintiff Maggie Colin contains several sections relating to arbitration, including the following clauses:

> 20.1 You and Investor agree that either party may, at its sole election, choose to submit to neutral, binding arbitration pursuant to this Section 20 (the "Arbitration Provision") rather than court action the following controversies (which will be called "Claims"): any past, present, or future claim, dispute or controversy (including matters arising as initial claims, counter-claims, cross-claims, third-party claims, or otherwise) whether in contract, tort (intentional or otherwise), constitution, statute, common law, principles of equity, or otherwise, between you and Investor or Investor's employees, directors, agents, successors or assigns, which arises out of or relates to the HomeOwner Agreement, including any dispute regarding an Appraised Value of the Property, Remodeling Adjustment or Deferred Maintenance Adjustment, or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract)
>
> …
>
> 20.3 The scope of this Arbitration Provision is to be given the broadest possible interpretation that is enforceable. The interpretation and scope of this Arbitration Provision, and the arbitrability of any Claim shall be resolved by neutral, binding arbitration and not by a court action. If any portion of this Arbitration Provision is deemed invalid or unenforceable, the remaining portions of this Arbitration Provision shall nevertheless remain valid and enforceable.

Dkt. # 10 at 34.

Now, Unison moves to stay proceedings and compel arbitration of Colin's claims. Dkt. # 8.  The motion is ripe for review.

## III.  DISCUSSION

Because the Federal Arbitration Act ("FAA") requires courts to "direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed,

ORDER – 2

the FAA limits court involvement to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (internal quotation marks omitted). These "gateway questions of arbitrability" are presumptively "within the province of judicial review." *Momot v. Mastro*, 652 F.3d 982, 987 (9th Cir. 2011) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)).

That said, parties may agree to delegate such gateway issues to an arbitrator for the arbitrator to decide. *Id.* The parties must delegate "clearly and unmistakably." *Id.* "Clear and unmistakable 'evidence' of agreement to arbitrate arbitrability might include . . . a course of conduct demonstrating assent . . . or . . . an express agreement to do so." *Id.* at 988 (alteration omitted) (quoting *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 79 (2010) (Stevens, J., dissenting)); *see also Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) ("[G]ateway issues can be expressly delegated to the arbitrator where 'the parties *clearly and unmistakably* provide otherwise.'" (emphasis in original) (quoting *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)). The Court finds that the clause here "clearly and unmistakably" delegates threshold issues to an arbitrator: "The interpretation and scope of this Arbitration Provision, and the arbitrability of any Claim shall be resolved by neutral, binding arbitration and not by a court action." *Id.* § 20.3.

In opposing the motion, Plaintiff makes two primary arguments. First, Plaintiff says that the delegation clause is prohibited by federal law—specifically, that the Dodd-Frank Act "prohibits requirements to arbitrate 'any controversy' .. in mortgages and consumer credit agreements secured by the consumer's home." Dkt. # 26 at 12 (citing 15 U.S.C. § 1639c(e)(1)). Second, Plaintiff argues the arbitration provision is procedurally unconscionable. *Id.* at 15.

Both arguments fail. Plaintiff's Dodd-Frank argument is one that attacks the underlying merits—*i.e.*, whether the parties' dispute falls within the scope of §

1639c(e)(1)'s protections against arbitration. While the Court agrees that there is a live

threshold dispute, nothing within the Dodd-Frank Act prohibits who is empowered to

decide arbitrability in the first instance. Indeed, several circuits have found such

arguments unpersuasive upon a clear and unmistakable delegation clause. *See, e.g.*,

*Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1034 (9th Cir. 2022) (rejecting

theory that the Recovery Act displaces the arbitration provisions in the parties' agreement

because that argument did not impugn the validity of the delegation clause); *Attix v.

Carrington Mort. Serv., LLC*, 35 F.4th 1284, 1307 (11th Cir. 2022) (argument that Dodd-

Frank Act gave plaintiff the right to prosecute claims in federal court disputed the

enforceability of the parties' primary arbitration agreement, not the delegation clause

specifically).

Because the agreement unmistakably delegates arbitrability questions to the

arbitrator," the only question left is whether the delegation provision itself is

unconscionable. *Brennan*, 796 F.3d at 1132 (emphasis omitted). Under Washington law,

the complainant must show that the party offering a contract of adhesion "refused to

respond to her questions or concerns, placed undue pressure on her to sign the agreement

without providing her with a reasonable opportunity to consider its terms, and/or that the

terms of the agreement were set forth in such a way that an average person could not

understand them." *Zuver v. Airtouch Commc'ns, Inc.*, 153 Wn.2d 293, 306-07 (2004).

Plaintiffs do not set forth any facts sufficient meet this burden.

In sum, gateway issues of arbitrability—such as whether a valid arbitration

agreement exists, or whether the agreement covers the instant dispute—are for the

arbitrator, not the Court, to decide.

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Unison's Motion to Compel

Arbitration.  Dkt. # 8.  Unison, as the proponent of arbitration, must submit a brief report

on the status of the arbitration beginning on August 15th and on the fifteenth day of every

ORDER – 4

second month thereafter.  The parties shall immediately notify the Court of the conclusion of arbitration.

DATED this 27th day of June, 2023.

The Honorable Richard A. Jones
United States District Judge

ORDER – 5