HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES BOYD OLSON, *et al.*,

      Plaintiffs,

      v.

UNISON AGREEMENT
CORPORATION,

      Defendant.

Case No.  2:22-cv-01859-RAJ

**ORDER GRANTING MOTION TO DISMISS**

## I.   INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss.  Dkt. # 17.
Having considered the submissions of the parties, the relevant portions of the record, and
the applicable law, the Court finds that oral argument is unnecessary.  For the reasons
below, the motion is **GRANTED**.

## II.   BACKGROUND

In December 2022, this matter was removed from King County Superior Court.

ORDER – 1

Dkt. # 1.  According to the complaint, Plaintiffs entered into a "HomeOwner Agreement" ("Agreement") with Defendant Unison Agreement Corporation ("Unison"). Under the Agreement, Plaintiffs received a monetary payment from Defendant and Defendant received an option to acquire equity in Plaintiffs' homes.  Dkt. # 1-1, ¶ 1.1.

In the case of Plaintiffs Charles Boyd and Maggie Olsen, they received a Unison flyer that promised that the Olsons could "access the equity locked in [their] home" by entering into an agreement with Unison that would include "no monthly payments and no interest." They decided to apply for a HomeOwner Agreement to obtain cash to cover their credit card debt and daily living expenses. Dkt. # 1-1, ¶ 4.39. The parties agreed to the Agreement in March 2019. Dkt. # 1-1, ¶ 4.40. Under the Agreement, the Original Agreed Value of the Olson Property in March 2019 was $370,000. Unison made an investment payment of $64,750 for an option to purchase a 70% ownership interest in the Property. Dkt. # 1-1, ¶ 4.40.  Unison recorded a deed of trust on the Olson Property in King County securing the Olsons' performance of their obligations under the HomeOwner Agreement. Dkt. # 1-1, ¶ 4.42. The deed of trust granted Unison the right to foreclose and sell the Olson Property in the event of default by the Olsons. *Id.* On May 16, 2019, the deed of trust on the Olson Property was assigned by Unison to Odin New Horizon Real Estate Fund LP. *Id.*

Plaintiffs bring multiple violations of the Washington Consumer Protection Act relating to the HomeOwner Agreement.

### III.  LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim.  The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The plaintiff must

ORDER – 2

point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).  If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief.  *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

In deciding a Rule 12(b)(6) motion, courts generally look only to the face of the complaint and the documents attached thereto. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Here, the Court will consider the HomeOwner Agreement as it is referenced throughout the complaint.

## IV.  DISCUSSION

In order to state a claim for relief under the CPA, a plaintiff must allege facts sufficient to meet each of the following elements: (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780, 719 P.2d 531 (1986); *Panag v. Farmers Ins. Co. of Wash.*, 166 Wash.2d 27, 204 P.3d 885, 889 (2009). The Olsons' CPA claims fail for several reasons.

First, while the Olsons refer to Unison's HomeOwner Agreement as a "reverse mortgage loan," the HomeOwner Agreement itself make clear that it is not a loan. Rather than being a loan, the HomeOwner Agreement is an option contract. Unison paid the Olsons' valuable consideration ($64,750) to secure an option to participate in the appreciation of Olsen's property. Dkt. # 1-1, ¶ 4.40.  Unison is not obliged to exercise its option (if, for example, home prices decrease). Courts have found similar agreements are not loans. *See, e.g.*, *Foster v. Equitykey Real Est. Invs. L.P.*, 2017 WL 1862527, at *3-*5 (N.D. Cal. May 9, 2017) (holding that co-investment options contracts almost identical to the one at issue here are not loans). The Olsens' claim under the CPA for failure to comply with the Consumer Loan Act fails since the HomeOwner Agreement is not a

ORDER – 3

1  loan.

2      Second, the Court agrees with Unison that the Complaint fails to adequately allege

3  any deceptive or unfair acts. In particular, the Olsens claim that Unison "engaged in

4  deceptive acts or practices by selling its HomeOwner Agreement to the Homeowners …

5  in a manner that purposely misrepresents the nature of the product" and "attempts to

6  avoid reverse mortgage laws." Dkt. # 1-1, ¶¶ 7.3, 8.3. There are no facts supporting these

7  assertions – such as required monthly payments required by the HomeOwner Agreement

8  or other fraudulent statements. Furthermore, allegations of deceptive conduct appear to

9  be belied by the plain text of the HomeOwner Agreement and accompanying documents,

10 which encourage potential customers to seek counsel on the financial product.

11 Specifically, one of the documents signed and acknowledged by the Olsens states in bold

12 and underlined text: "**If you have not already discussed the Unison HomeOwner**

13 **Agreement with your own advisors (legal, financial, estate planning, tax) and family**

14 **members, we strongly urge you to do so before proceeding any further.**" Dkt. # 19-3.

15 Accordingly, based on the allegations within the Complaint, the Court finds that Plaintiffs

16 have not stated a claim for relief under the CPA for a deceptive or unfair act.

17      Finally, with respect to Plaintiff's claim for injunctive relief, this claim fails

18 because it is not a cause of action. *See, e.g.*, *Frias v. Patenaude & Felix, A.P.C.*, No. 20-

19 805, 2021 WL 1192421, at * 7 (W.D. Wash. Mar. 30, 2021) (dismissing "Count 7"

20 seeking to "enjoin" defendant under the CPA because "an injunction is a remedy and not

21 a cause of action"). Plaintiffs also seek a declaration of rights under the HomeOwner

22 Agreement regarding attorneys' fees. Because the Complaint does not allege facts

23 plausibly alleging an existing controversy on the issue, the Court grants the motion on

24 this claim.

25                      **V.   CONCLUSION**

26      For the reasons stated above, the Court **GRANTS** Unison's Motion to Dismiss

27 without prejudice.  Dkt. # 17. Plaintiffs have 21 days from this Order to file an Amended

28 ORDER – 4

1   Complaint. Having granted Unison's motion to dismiss, the Court **DENIES** the motion to

2   stay discovery as moot. Dkt. # 20.

3

4         DATED this 30th day of August, 2023.

5

6

7         The Honorable Richard A. Jones
          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER – 5